**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

MARCUS KELLEY, et al.,

      Plaintiffs,

      v.

BOARD OF COUNTY COMMISSIONERS OF
RICE COUNTY, KANSAS and NICK SOWERS,

      Defendants.

Case No. 26-2082-EFM-BGS

**MEMORANDUM AND ORDER DENYING**
**MOTION TO TRANSFER PLACE OF TRIAL**

This matter comes before the Court on Defendants Sheriff Nick Sowers and Board of County Commissioners of Rice County, Kansas's motion to transfer the place of trial from Kansas City, Kansas, to Wichita, Kansas, pursuant to D. Kan. Rule 40.2(e) and 28 § U.S.C. 1404(a).  In support of the motion, Defendants argue that the convenience and accessibility of Wichita for witnesses and sources of proof and convenience for the Court weigh in favor of transfer to Wichita. Plaintiffs argue that Defendants have not met their burden of showing inconvenience to witnesses, that fair trial considerations weigh in favor of Kansas City, and convenience for counsel weighs in favor of Kansas City.  For the reasons stated herein, the motion is **DENIED without prejudice**.

## I.    Background Facts.

Plaintiffs Marcus Kelley, Rita Corbin, and Tim Weaver (hereinafter "Plaintiffs") commenced this action on February 11, 2026.  All Plaintiffs assert claims under 42 U.S.C. § 1983 for First Amendment retaliation based on protected speech and association, and retaliatory discharge based on said speech.  Plaintiff Kelley additionally brings a Title VII retaliation claim, and Plaintiff Weaver brings a claim of retaliatory discharge based on whistleblowing.  Pursuant to D. Kan. Rule 40.2(a), Plaintiffs designated Kansas City as the location of trial.  Defendants now move to relocate the trial

to Wichita. This matter remains in its early stages, with a scheduling order entered on July 7, 2026. Doc. 19.

## II.     Legal Standard.

"The court is not bound by the requests for place of trial. It may determine the place of trial upon motion or in its discretion." *See* D. Kan. Rule 40.2(e). "When determining the proper place for trial, the court 'generally look[s] to the same factors relevant to motions for change in venue under 28 U.S.C. § 1404(a)." *Walker v. Corizon Health, Inc.*, No. 17-2601-DDC-KGG, 2022 WL 1081188, at *1 (D. Kan. Apr. 11, 2022) (quoting *Lopez-Aguirre v. Bd. of Cnty. Comm'rs*, No. 12-2752-JWL, 2014 WL 853748, at *1 (D. Kan. Mar. 5, 2014) (internal modification omitted)). These factors are (1) plaintiff's choice of forum, (2) the convenience of the witnesses, (3) the accessibility of witnesses and other sources of proof, (4) the possibility of obtaining a fair trial, and (5) all other practical considerations that make a trial easy, expeditious, and economical. *McDermed v. Marian Clinic, Inc.*, No. 14-2194-EFM-KMH, 2014 WL 6819407, at *1 (D. Kan. Dec. 2, 2014) (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1516 (10th Cir. 1991)). The convenience of non-party witnesses is the most important factor in determining whether a forum is substantially inconvenient. *See id.* "The plaintiff's choice of forum should not be disturbed unless the balance weighs strongly in favor of transfer, and the party moving to transfer a case bears the burden of establishing the existing forum is inconvenient." *Castellon v. Textron Aviation, Inc.,* No. 25-CV-2014-TC-TJJ, 2025 WL 3481807, at *2 (D. Kan. Dec. 4, 2025).

## III.     Analysis.

### A.     Plaintiffs' Choice of Forum.

While the Court has discretion to designate an alternate forum, the Plaintiffs' chosen forum should not be disturbed without good reason. *Tiffany v. City of Topeka,* No. 09–2232–CM, 2009 WL 1683515, at *1 (D. Kan. June 16, 2009) (citations omitted). That said, the plaintiff's forum

2

is given considerably less weight when the plaintiff does not reside there, or the events of the case did not transpire there. *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993); *Spires v. Hosp. Corp. of Am.,* No. 06-2137-JWL, 2006 WL 1642701, at *2 (D. Kan. June 8, 2006). Here, although Plaintiffs designated Kansas City as the place of trial, they reside in Rice County, and all material events occurred in Rice County. While the Court still considers this as a factor, "it is not a significantly more weighty factor than any of the other factors considered here, particularly when the forum's connection to the case is obscure and the forum's connection to the plaintiff is even more so." *Spires*, 2006 WL 1642701, at *3. Accordingly, this factor weighs slightly in favor of a Kansas City trial location.

### B.    Convenience for witnesses.

The convenience and accessibility for nonparty fact witnesses is the most important factor in determining whether changing trial location is justified. *LeTourneau v. Venture Corp.*, No. 15-2629-JAR, 2018 WL 489096, at *3 (D. Kan. Jan. 19, 2018) (quoting *McIntosh v. City of Wichita*, No. 14-2402, 2015 WL 1646402, at *2 (D. Kan. Apr. 14, 2015)). As the party seeking to move the location of trial, Defendants must show that the Plaintiff's proposed forum, Kansas City, is "'substantially inconvenient,' meaning that 'all or practically all the witnesses reside in a different forum and traveling to the proposed forum is a substantial burden.'" *LeTourneau v. Venture Corp.*, No. 15-2629-JAR, 2018 WL 489096, at *3 (D. Kan. Jan. 19, 2018) (quoting *McIntosh v. City of Wichita*, No. 14-2402, 2015 WL 1646402, at *2 (D. Kan. Apr. 14, 2015)). To do so, it is necessary that Defendants "identify the witnesses and their locations, indicate the quality or materiality of their testimony, and indicate that depositions from witnesses who are unwilling to come to trial would be unsatisfactory and the use of compulsory process would be necessary." *Id.* (quoting *McDermed*, 2014 WL 6819407, at *2 (internal quotation marks and other citations omitted)).

Defendants argue that all 26 identifiable witnesses in their Rule 26 Disclosures are in and

about Rice County.  They also argue that approximately 14 of those witnesses are jail, detention, or law-enforcement personnel whose absence could impair staffing. Doc. 16 at 2–3.  Plaintiffs argue that Defendants have not yet met their burden of showing actual inconvenience as they have not identified the materiality of witness testimony or identified which witnesses they intend to call.  The Court agrees with Plaintiffs, at least at this time.  It is true that all witnesses are in and around Rice County, and it is highly likely that some of them will testify at trial.  It is also true that making those witnesses travel hundreds of miles to Kansas City is a great burden and would ordinarily be a substantial inconvenience.  However, as Plaintiffs note, the Court cannot effectively evaluate this factor until discovery ends. *EEOC v. Newman Univ.,* No. 05–2404–KHV, 2006 WL 23566, at *2 (D. Kan. Jan. 4, 2006); *Biglow v. Boeing Co.,* 174 F. Supp. 2d 1187, 1195 (D. Kan. 2001).

The decision to transfer the place of trial is within the discretion of the Court, and the Court may authorize a transfer on a less than complete record.  *See, e.g.*, *Hunter v. FedEx Freight, Inc.*, No. 23-CV-02513-TC-TJJ, 2024 WL 2384276, at *2 (D. Kan. May 23, 2024). Here, however, the Court prefers to wait and let the record develop.  *Hunter* involved a single plaintiff against a single defendant in a relatively straightforward discrimination suit.  *Id.* at *1.  The court in *Hunter* had little difficulty in anticipating the potential burdens on the non-party witnesses.

This case involves multiple plaintiffs against multiple defendants with several distinct claims. While the Court is concerned about the possibility of staffing shortages for law-enforcement officers, it is unclear whether such a staffing shortage would occur.  The Court does not know which witnesses will be called, how many witnesses will be called, and how much those specific witnesses will be inconvenienced.  It is possible that the parties will call so few witnesses for such little time that no witnesses will be substantially inconvenienced.  Or the parties may call many witnesses for days of testimony.  Absent the disclosure of final witnesses, the Court cannot say for certain whether that potential inconvenience or understaffing will occur.  *See McIntosh v. City of Wichita*, No. 14-2402,

4

2015 WL 1646402, at *2–3 (D. Kan. Apr. 14, 2015).  While the current record may support a change in trial location, the Court is unwilling to do so at this time until the parties' positions are further developed.  This factor thus weighs in favor of a Kansas City trial location.

### C.      Access to witnesses and material evidence.

Access to witnesses and material evidence is difficult to determine on the current record. Defendants argue that evidence will be more available in Wichita than in Kansas City.  Plaintiffs argue that Defendants have failed to meet their burden as they have not identified which witnesses are material and whether those witnesses would be unwilling to testify in Kansas City.  The Court agrees with Plaintiffs.  Defendants do not claim that evidence will be inaccessible in Kansas City, merely that it would be more accessible in Wichita.  Nor do Defendants state what evidence they expect to be more accessible in Wichita than in Kansas City.  While the Court acknowledges that all witnesses identified thus far are in Rice County, Defendants have not yet identified which witnesses they consider material, or whether those material witnesses would be unable or unwilling to come to Kansas City.  Defendants have therefore failed to meet their burden as to this factor, and it weighs in favor of a Kansas City trial location.

### D.      Fair Trial.

Plaintiffs argue that they cannot receive a fair trial in Wichita.  They argue that Defendant Nick Sowers holds an elected position in Rice County, and that Rice County is a small community which is a part of the Wichita jury pool.  Defendants argue that Rice County is only one of eleven different counties drawn upon for Wichita juries, and that *voir dire* can resolve any remaining conflicts.  The Court agrees with Defendants.  "The Constitution does not require that a case be tried by a panel of jurors with no previous knowledge of the events involved." *Busey v. Bd. of Cnty. Comm'rs of Cnty. of Shawnee, Kan.*, 210 F.R.D. 736, 738 (D. Kan. 2002).  The mere possibility that some jurors may come from Rice County, one of the thirty-nine counties from which potential

Wichita jurors may be drawn, does not mean that Plaintiffs will not receive a fair trial in Wichita. *See* Revised Jury Plan for Random Jury Selection §§ 5, 14(b)(iii) (drawing petit jurors for Wichita from the eleven-county Wichita-Hutchinson division and the twenty-eight-county Dodge City division). Any remaining bias can be screened out during *voir dire*. The Court considers this to be a neutral factor.

### E. Judicial Economy and other factors.

Finally, the Court may consider all other factors which make a trial easy, expeditious, and economical. Plaintiffs argue that all parties' counsel are located in Kansas City, making that forum more convenient. However, while the convenience of counsel can be considered, it is afforded little weight. *See Hunter,* No. 23-CV-02513-TC-TJJ, 2024 WL 2384276, at *4 (D. Kan. May 23, 2024). Defendants argue that the district judge assigned to the case is seated in Wichita, making trial more convenient in Wichita. "[O]ur court ... has held that 'the convenience of the Court weighs in favor of a trial in [the location where] ... the district judge and staff are located." *Baker v. Watson*, No. 5:23-CV-04022-TC-TJJ, 2023 WL 8697827, at *4 (D. Kan. Dec. 15, 2023). Here, the district judge and staff assigned to this case are located in Wichita. This factor therefore tilts in favor of a trial location in Wichita.

## IV. Conclusion.

The burden falls on Defendants to establish that Kansas City is a substantially inconvenient forum. On balance, the factors weigh in favor of holding trial in Kansas City, Plaintiffs' designated choice of forum. The Court therefore concludes that Defendants have not met their burden. Accordingly, Defendants' Motion to Transfer Place of Trial is denied without prejudice to refiling after the Court has ruled on any dispositive motions.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Transfer Place of Trial (Doc. 9) is **DENIED without prejudice.**

**IT IS SO ORDERED.**

Dated this 23rd day of July, 2026, at Wichita, Kansas.

/s/BROOKS SEVERSON
Brooks G. Severson
United States Magistrate Judge