**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

MARCUS KELLEY; RITA CORBIN; and TIM WEAVER,

*Plaintiffs,*

v.

THE BOARD OF COUNTY COMMISIONERS OF RICE COUNTY, KANSAS; and SHERIFF NICK SOWERS, in his official capacity as Sheriff of Rice County,

*Defendants.*

Case No. 2:26-cv-02082-EFM-BGS

**MEMORANDUM AND ORDER**

Before the Court is the Motion to Dismiss (Doc. 7) filed by the Defendants, the Board of County Commissioners of Rice County, Kansas ("BOCC") and Sheriff Nick Sowers, in his official capacity as Sheriff of Rice County. Plaintiffs Marcus Kelley, Rita Corbin, and Tim Weaver allege that Defendants wrongfully terminated them in retaliation for Plaintiffs' exercise of free speech. Separately, Plaintiff Marcus Kelley alleges retaliation in violation of Title VII of the Civil Rights Act of 1964 against the BOCC. Plaintiff Tim Weaver claims retaliatory discharge in violation of the public policy exception regarding whistleblowing against the BOCC.

Defendants, under Federal Rule of Civil Procedure 12(b)(6), move the Court to dismiss all claims against the BOCC or, in the alternative, dismiss all claims against Sheriff Sowers. For the reasons stated below, the Court grants the Motion. The BOCC is dismissed. Counts III, IV, and V

are dismissed without prejudice. Plaintiffs are granted leave to file an amended complaint naming Sheriff Sowers, in his official capacity, as the defendant on those counts. Defendants' alternative request to dismiss Sheriff Sowers is denied as moot.

## I. Factual and Procedural Background[1]

Plaintiffs were formerly employed at the Sheriff's Office in Rice County. While employed at the Sheriff's Office, Plaintiffs advocated for the reelection of Sheriff Brian Evans. Plaintiffs' advocacy included occasional social media posts in support of Sheriff Evans' campaign and campaign yards signs displayed at their homes. Sheriff Evans lost reelection to his opponent, Defendant Nick Sowers.

Sheriff Sowers assumed his office on January 13, 2025. That same day, he terminated all three Plaintiffs. Sheriff Sowers justified Plaintiffs' terminations by stating that he was "going in a different direction" and specifically terminated Plaintiff Kelley for "swearing on the job."

On February 11, 2026, Plaintiffs filed suit against Sheriff Sowers and the BOCC. Plaintiffs bring five counts arising from their termination. First, Plaintiffs allege wrongful termination in retaliation for exercising freedom of association and freedom of speech in violation of 42 U.S.C. § 1983 against both Defendants. Plaintiffs assert that Defendants terminated Plaintiffs in retaliation for their political support for Sheriff Evans and that this political support constituted protected association and speech under the First Amendment.

Next, Plaintiffs allege retaliatory discharge in violation of the public policy exception regarding a public employee exercising the First Amendment right to free speech on an issue of public concern against the BOCC alone. Plaintiffs cite Kansas's public policy exception to the "at-will" doctrine for the exercise of a public employee's First Amendment right to free speech on an

---

[1] The facts are taken from Plaintiffs' Complaint and are considered true for purposes of this Order.

issue of public concern. Plaintiffs claim that they were terminated in contravention of public policy for their speech in support of Sheriff Evans.

Lastly, Plaintiffs Kelley and Weaver bring individual claims against the BOCC. Plaintiff Kelley alleges that he was unfairly terminated for reporting a co-worker for sexual harassment and that the BOCC further retaliated against Plaintiff Kelley by mistreating him following his termination. He contends that these actions violate Title VII. Plaintiff Weaver alleges retaliatory discharge against Kansas's public policy exception regarding whistleblowing, arguing that his reporting of a co-worker for providing false times on the coworker's timesheet resulted in his termination less than two months later.

Defendants filed a Motion to Dismiss on May 29, 2026. The matters have been fully briefed and are ripe for the Court's ruling.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[2] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[3] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[4] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well as the grounds on which each claim rests.[5] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford

---

[2] Fed. R. Civ. P. 12(b)(6).

[3] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[5] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008); *see also* Fed. R. Civ. P. 8(a)(2).

such a presumption to legal conclusions.[6]

## III. Analysis

Defendants' overarching contention is that the BOCC is not a proper defendant to claims arising from Sheriff Sowers' decision to terminate Plaintiffs' employment. Defendants assert that Sheriff Sowers, as Plaintiffs' employer, personally terminated Plaintiffs upon assuming office and that Plaintiffs fail to allege the BOCC's involvement in Sheriff Sowers' employment decisions. As to their § 1983 claims, Plaintiffs counter that the BOCC is liable for Sheriff Sowers' actions because Sheriff Sowers is the BOCC's agent, and the BOCC is liable for the conduct of its agents and employees. Plaintiffs also argue that the BOCC is liable for Sheriff Sowers' actions because Sheriff Sowers is a final policymaker, and that this role establishes municipal liability on the part of the BOCC. As to their remaining claims, Plaintiffs argue that the County is their employer, that the Sheriff's Office cannot be sued, and that K.S.A. § 19-105 requires them to name the BOCC as a defendant. As explained below, the Court concludes that the BOCC is not a proper defendant on any count.

Defendants also ask the Court to dismiss the official-capacity claims against Sheriff Sowers as redundant if the BOCC is not dismissed. Because the Court dismisses the BOCC, the official-capacity claims against Sheriff Sowers are no longer duplicative. Defendants' alternative request is denied as moot.

### A. Counts I and II

Defendants ask the Court to dismiss the BOCC from Plaintiffs' § 1983 retaliation claims because Plaintiffs' allegations lack factual allegations establishing independent BOCC involvement with Plaintiffs' terminations. Defendants argue that naming the BOCC and Sheriff

---

[6] *Iqbal*, 556 U.S. at 678–79.

Sowers in his official capacity is needlessly duplicative. Defendants cite *Jantzen v Hawkins*,[7] where the reelected sheriff terminated employees who supported his opponent, and the terminated employees sued the sheriff and county's board of commissioners.[8] There, the terminated employees argued that the board should be held liable because the sheriff in his official capacity "is essentially the same entity" as the board.[9] The Tenth Circuit disagreed, reasoning that "a municipality cannot be liable under § 1983 for acts of a municipal official in his official capacity 'unless that official possesses final policymaking authority to establish municipal policy with respect to acts in question.'"[10] The Tenth Circuit determined that "[t]he [s]heriff neither reports to, nor is controlled by, the Board, and thus there is no basis in this case by which the Board could be held liable for such allegedly unlawful terminations."[11] So too here. Plaintiffs, like the *Jantzen* plaintiffs, allege that an elected sheriff fired them for supporting his political opponent, and they seek to hold the county board liable because the sheriff is a final policymaker. *Janzten* holds that a sheriff's authority over his own personnel decisions does not make those decisions the policy of a board that does not control him.[12]

Plaintiffs claim that *Jantzen* did not address Plaintiffs' argument that they can establish municipal liability through the decisions of employees with final policymaking authority. But the Tenth Circuit explicitly noted the threshold rule that municipal liability cannot be had under § 1983 unless "that official possesses final policymaking authority to establish municipal policy with respect to acts in question" and still concluded that the county board cannot be held liable for a

---

[7] 188 F.3d 1247 (10th Cir. 1999).

[8] *Id*. at 1250.

[9] *Id.* at 1259.

[10] *Id.* (quoting *Houston v. Reich*, 932 F.2d 883, 887 (10th Cir.1991)).

[11] *Id.*

[12] *Id.*

sheriff's personnel decisions.[13] Here, Sheriff Sowers' decision to terminate Plaintiffs was not an enactment of board policy. It was an allegedly unlawful employment decision independent of involvement from the BOCC. Thus, the BOCC cannot be held liable for Sheriff Sowers' decision.[14]

Plaintiffs' ancillary argument is that Sheriff Sowers is an agent of the BOCC and so the BOCC is liable for his actions in the "course and scope" of his employment. This argument fails under the longstanding principle that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."[15] Even assuming Sheriff Sowers was an agent of the BOCC, Plaintiffs cannot create municipal liability against the BOCC by simply arguing that the BOCC is liable for Sheriff Sowers' actions taken in the course of his work. The BOCC is dismissed as to Plaintiffs' Counts I and II.

**B. Counts III and V**

Counts III and V are state-law claims alleging violation of Kansas public policy. Plaintiffs argue that the BOCC is the proper defendant to both counts under Kansas law because the BOCC was their employer and because a sheriff's office is not an entity capable of being sued. Plaintiffs' argument hinges on their reading of K.S.A. § 19-105, which, they posit, requires a suit against the county be brought in the name of the board of county commissioners. Defendants argue that both counts should be dismissed because Plaintiffs do not allege that the BOCC directed, participated in, or ratified the terminations, and because K.S.A. § 19-805 vests Sheriff Sowers, not the BOCC,

---

[13] *Id.*

[14] *See Ponce v. Bd. of Cnty. Comm'rs of Sedgwick Cnty.*, 2025 WL 958256, at *7–8 (D. Kan. Mar. 31, 2025) (holding that board of county commissioners was "not a proper party" to claims arising from a sheriff's office because the sheriff, not the board, "had exclusive authority to hire, train, and supervise" deputies).

[15] *Thao v. Grady Cnty. Crim. Just. Auth.*, 159 F.4th 1214, 1227 (10th Cir. 2025) (quotation omitted); *see Laidler v. City of Albuquerque*, 2006 WL 8444212, at *4 (D.N.M. May 19, 2006) ("It is well-settled law that a municipality may not be held liable under § 1983 under a theory of *respondeat superior.*" (citing *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978)).

with authority over those decisions.

The Court agrees with Defendants that K.S.A. § 19-805(a) gives Sheriff Sowers, not the BOCC, the authority to appoint, promote, demote, and dismiss deputies.[16] Counts III and V both challenge Sheriff Sowers' decision to terminate employees of the Sheriff's Office, a decision that Kansas law commits exclusively to Sheriff Sowers.[17] As discussed above, the BOCC has no power to make, supersede, or reverse Sheriff Sowers' decision to terminate Plaintiffs, and this Court has dismissed boards of county commissioners from state law claims arising from the conduct of a sheriff's office for that reason.[18]

Plaintiffs' arguments stemming from K.S.A. § 19-105 are unavailing. That statute just provides that "[i]n all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be 'The board of county commissioners of the county of ____________;' but this provision shall not prevent county officers, where authorized by law, from suing in their name of office for the benefit of the county."[19] It does not make the BOCC answerable for a decision the BOCC had no involvement in making, and it does not prevent Plaintiffs from proceeding against Sheriff Sowers in his official capacity.[20]

Nor does it follow that, because a sheriff's office cannot be sued as an entity, the BOCC

---

[16] *See* K.S.A. § 19-805(a) ("In addition to the undersheriff, the sheriff also may appoint, promote, demote and dismiss additional deputies and assistants necessary to carry out the duties of the office, for whose official acts the sheriff is responsible.").

[17] *See Bd. of Cnty. Comm'rs of Cnty. of Lincoln v. Nielander*, 275 Kan. 257, 62 P.3d 247, 253–54 (2003) ("We find that the legislative history of S.B. 46 and K.S.A. 19–805(a) demonstrates the legislature's intent to vest sheriffs, not boards of county commissioners, with the authority to 'appoint, promote, demote and dismiss additional deputies and assistants.'").

[18] *See Ponce*, 2025 WL 958256, at *7–8.

[19] *See* K.S.A. § 19-105.

[20] *Swearingen v. Pleasanton Unified Sch. Dist. 344*, 641 F. Supp. 3d 1141, 1185 (D. Kan. 2022) (permitting a lawsuit to proceed against sheriff in his official capacity and dismissing the county board of commissioners "consistent with" K.S.A. § 19-105).

must be. Sheriff Sowers in his official capacity is the appropriate defendant for claims arising from his personnel decisions.[21] Accordingly, the BOCC is dismissed from Counts III and V, without prejudice to Plaintiffs' ability to assert those claims against Sheriff Sowers in his official capacity.

**C. Count IV**

Plaintiff Kelley maintains that he correctly named the BOCC as a defendant in his Title VII claims because Plaintiffs were employed by the BOCC and Kansas law requires that suits against the county be brought in the name of the board of county commissioners. As explained above, K.S.A. § 19-105 does not prevent Plaintiffs from bringing suit against Sheriff Sowers in his official capacity. The Tenth Circuit in *Bristol v. Board of County Commissioner of County of Clear Creek* held that a board of county commissioners is not the employer of an employee of the county sheriff because the board lacked "the power to control the hiring, termination, or supervision of a Sheriff's employees, or otherwise control the terms and conditions of their employment . . . ."[22] Here, as established above, Kansas law mirrors the Colorado law upon which *Bristol* bases its holding with both states vesting the power to hire and fire with the sheriff, not the board of county commissioners.[23] Because Sheriff Sowers, in his official capacity, is the proper defendant for Plaintiff Kelley's Title VII claim, the BOCC is dismissed from Count IV, without prejudice to Plaintiff Kelley's ability to assert that claim against Sheriff Sowers in his official capacity.

---

[21] *See id.*; *see also Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (explaining that official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent" (quotation omitted)).

[22] *Bristol v. Bd. of Cnty. Comm'rs of Cnty. of Clear Creek*, 312 F.3d 1213, 1215 (10th Cir. 2002).

[23] *See Nielander*, 62 P.3d at 253–54.

### D. Leave to Amend

Dismissal with prejudice is appropriate where it would be "futile to allow the plaintiff an opportunity to amend his complaint."[24] But here, the defect in Counts III, IV, and V is the named defendant, not the claims themselves. Sheriff Sowers is already a party to this action, the claims arise from the same facts as those pleaded against him, and the amendment will not prejudice Defendants. Accordingly, Plaintiffs may file an amended complaint naming Sheriff Sowers, in his official capacity, as the defendant on those counts within 21 days of this Order.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 7) is **GRANTED**. Defendant Board of County Commissioners of Rice County, Kansas, is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that Counts III, IV, and V are **DISMISSED WITHOUT PREJUDICE**. Plaintiffs may file an amended complaint naming Defendant Sheriff Sowers, in his official capacity, as defendant on Counts III, IV, and V within 21 days of the date of this Order.

**IT IS FURTHER ORDERED** that Defendants' alternative request to dismiss the official-capacity claims against Sheriff Sowers as redundant is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated this 3rd day of November, 2026.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[24] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (citation omitted).